UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRANCISCO MERINO OJEDA, | Case No. 3:25-cv-00019-ART-CLB |
| Petitioner, | ORDER |
| v. | |
| TERRY ROYAL, *et al.*, | |
| Respondents. | |

Petitioner Francisco Merino Ojeda ("Ojeda"), a Nevada prisoner, commenced this action by filing a complete Application for Leave to Proceed *In Forma Pauperis* ("IFP" (ECF No. 1)), Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Petition" (ECF No. 1-1)), and a Motion for Appointment of Counsel (ECF No. 1-2). This matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1]

**IFP Application**

The Court has considered Ojeda's IFP Application and concludes that he is unable to pay the $5.00 filing fee. The IFP Application will therefore be granted.

**Screening of Habeas Petition**

Under Habeas Rule 4, "[a] district court may summarily dismiss a federal habeas corpus petition *sua sponte* if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . .." *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). The rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v.*

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this Order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

*Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

Ojeda's petition challenges the constitutionality of his December 14, 2018, state judgment of conviction by guilty plea for first-degree murder for which he was sentenced to life imprisonment without the possibility of parole by the Second Judicial District Court for Washoe County, Nevada, in Case No. CR 15-0829. ECF No. 1-1 at 1–2, 46–47. Ojeda's state-court judgment was affirmed on direct appeal. *Id.* at 22. His state postconviction habeas petition was denied. *Id.* at 57. Ojeda's appeal of the denial of his state habeas petition was dismissed as untimely. *Id.* at 28.

### A.   Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year limitation period for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period, i.e., 365 days, begins to run from the latest of four possible triggering dates, with the most common being the date the petitioner's judgment of conviction became final. 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after the Nevada appellate court has entered judgment or the Supreme Court of Nevada has denied discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); U.S. Sup. Ct. R. 13.

The Nevada Court of Appeals affirmed Ojeda's judgment on November 27, 2019. ECF No. 1-1 at 22. Ojeda's conviction was therefore final on the last day he could have filed a petition for writ of certiorari with the Supreme Court of the United States, which was February 25, 2020. *See* U.S. Sup. Ct. R. 13. The one-year limitations period for the filing of Ojeda's federal habeas petition commenced the next day, on February 26, 2020, and ran for 301 days until Ojeda filed his timely state postconviction habeas petition on December 22, 2020. ECF No. 1-1

1  at 46. Under 28 U.S.C. § 2244(d)(2), the federal one-year limitation period was
2  statutorily tolled during the pendency of Ojeda's timely filed state habeas petition.
3  On July 9, 2024, the state district court denied the state habeas petition. ECF
4  No. 1-1 at 57. The deadline for Ojeda to appeal the denial of his state habeas
5  petition was 30 days later, on August 8, 2024. *Id.* at 28. Ojeda did not file an
6  appeal by that deadline. Therefore, the limitations period for Ojeda to file a federal
7  habeas petition restarted on August 9, 2024. With 64 days remaining in his
8  federal limitations period under AEDPA, the deadline to file his federal habeas
9  petition expired on October 11, 2024.

10  Ojeda did not file a federal habeas petition by the deadline; instead, on November 8, 2024, Ojeda filed a tardy notice of appeal from the denial of the state habeas petition and the Nevada Supreme Court dismissed that untimely appeal for lack of jurisdiction. ECF No. 1-1 at 28. Because the application for state post-conviction relief violated the state statute of limitations, it was not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2); therefore, the time during which Ojeda sought the untimely appeal of the denial of his state habeas petition did not toll the limitation period for his filing a federal habeas petition. *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Because Ojeda's federal habeas petition was not filed by the October 11, 2024, deadline, and was instead filed on January 10, 2025, the federal petition may be dismissed as untimely. Ojeda acknowledges his federal petition is untimely and contends he is entitled to equitable tolling of the statute of limitations. ECF No. 1-1 at 3–8.

**B.    Equitable Tolling**

A petitioner who fails to timely file a federal habeas petition is "entitled to equitable tolling" only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *See Holland v. Fla.*, 560 U.S. 631, 649 (2010) (citing *Pace*, 544 U.S. at 418 (emphasis deleted)). Equitable tolling is "unavailable in most

3

cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (*quoting United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. Here, Ojeda must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). *Accord Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Ojeda claims he is entitled to equitable tolling for two reasons. ECF No. 1-1 at 3–8. First, he claims he justifiably relied on his state postconviction counsel's promise to file a timely notice of appeal from the denial of the state habeas petition, and his postconviction counsel abandoned him by failing to file the promised notice of appeal and failing to respond to his inquiries, including his inquiry about the deadline to file a federal habeas petition. *Id.* at 3–8, 31–36. Second, he claims he was prevented from timely filing his federal petition due to the recent Nevada prison swap that he claims impeded access to his property, paper, pens, law library, and copying services. *Id.* at 3–8, 31–45.

The Supreme Court has held that a petitioner "cannot be charged with the acts or omissions of an attorney who has abandoned him," and cannot be "faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him." *Maples v. Thomas*, 565 U.S. 266, 283 (2012). *See also Gibbs v. Legrand*, 767 F.3d 879, 885 n.5 (9th Cir. 2014) (noting *Maples* "[i]nvolved cause for procedural default rather than entitlement to equitable tolling, but the Supreme Court saw 'no reason' why the distinction between attorney negligence and attorney abandonment should not hold in both contexts.") (citing *Maples*, 565 U.S. at 282 n.7). The Ninth Circuit has acknowledged that equitable tolling can be "based on a range of attorney

4

1  misconduct not limited to abandonment." *Milam v. Harrington*, 953 F.3d 1128,
2  1134 (9th Cir. 2020). *See, e.g., Gibbs*, 767 F.3d 879 (finding attorney's failure to
3  inform the petitioner that the state supreme court had denied his appeal
4  constituted abandonment and created extraordinary circumstances warranting
5  equitable tolling of federal limitation period).

6  The exhibits Ojeda filed to support equitable tolling demonstrate his
7  postconviction counsel wrote a letter to Ojeda confirming counsel would file a
8  timely notice of appeal from the denial of the state habeas petition and represent
9  Ojeda during those proceedings if counsel did not hear from Ojeda by July 24,
10 2024. ECF No. 1-1 at 31. Ojeda also submits copies of letters he ostensibly sent
11 to postconviction counsel dated July 29, 2024 (confirming his desire that
12 postconviction counsel file the appeal), October 9, 2024 (notifying counsel that
13 he was moved to a different prison and asking about the status of his case,
14 presumably due to the "prison swap") and October 21, 2024 (expressing concern
15 that counsel had not communicated with him, whether the notice of appeal was
16 filed, and the time remaining for his federal petition). *Id.* at 33–35. He moreover
17 includes an October 21, 2024, letter to the state district court requesting a copy
18 of the minutes from his case so he could confirm whether his counsel had filed a
19 notice of appeal. *Id.* at 36. By that point, the October 11, 2024, deadline to file
20 the federal habeas petition had expired.

21 Ojeda also submits an undated exhibit, which appears to be an email or
22 text message from postconviction counsel to Ojeda's daughter, in which
23 postconviction counsel states that counsel did not file a notice of appeal. ECF No.
24 1-1 at 32. The communication states that postconviction counsel, having spoken
25 with Ojeda's niece, who was to convey information to Ojeda, was waiting to hear
26 from Ojeda, but did not hear from him, and that counsel believed there was an
27 indication Ojeda wished to proceed with a jailhouse lawyer. *Id.* In that
28 correspondence, postconviction counsel states she spoke with several family

5

1  members and believed there may have been a miscommunication. *Id.* The
2  undated communication from postconviction counsel further directed Ojeda's
3  daughter that, if a timely state appeal was not filed, Ojeda should immediately
4  file a federal petition for writ of habeas corpus. *Id.* No exhibit attached to the
5  petition confirms whether or when postconviction counsel communicated directly
6  to Ojeda that no appeal was filed or that he should immediately file a federal
7  petition. And nothing in the exhibits indicates whether or when postconviction
8  counsel withdrew as Ojeda's counsel.

9      The Court finds the claim of equitable tolling would benefit from further
10 briefing and will direct the Clerk of Court to file the petition, and direct service of
11 the petition, and a response.

12     **C.**    **Procedural Default**

13     In addition to concerns about the timeliness of Ojeda's petition, initial
14 review of the petition reveals that, due to Ojeda's failure to file a timely appeal
15 from the denial of his state habeas petition, his federal petition for writ of habeas
16 corpus, which appears to raise the same claims raised in the state habeas
17 petition, consists of claims that are unexhausted by procedural default.

18     Under 28 U.S.C. § 2254(b)(1)(A), a state prisoner seeking habeas corpus
19 relief in federal court must first exhaust available state court remedies before
20 presenting his claims in the federal court. *See Coleman v. Thompson*, 501 U.S.
21 722, 731 (1991). To satisfy the exhaustion requirement, a petitioner must fully
22 and fairly present his claims to the state courts. *See Woods v. Sinclair*, 764 F.3d
23 1109, 1129 (9th Cir. 2014). A claim must be raised through one complete round
24 of either direct appeal or collateral proceedings to the highest state court level of
25 review available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999);
26 *Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

27     Where the state courts deny a prisoner's habeas claim on independent and
28 adequate state law grounds, that claim is "procedurally defaulted" for purposes

6

of federal habeas review. *See Edwards v. Carpenter*, 529 U.S. 446, 454–55 (2000). Additionally, a federal court may consider a claim procedurally defaulted where "it is clear that the state court would hold the claim procedurally barred." *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002). When a claim is procedurally defaulted, federal review is barred unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." *See Coleman*, 501 U.S. at 750. The Supreme Court has held that cause may exist to overcome the procedural default of a habeas petitioner's claims where state post-conviction counsel abandoned him, resulting in the failure to timely appeal the denial of his state post-conviction petition. *See Maples*, 565 U.S. at 289.

Ojeda claims that his postconviction attorney abandoned him by failing to communicate or file the promised notice of appeal. As with Ojeda's claim to equitable tolling, Ojeda's claim that he can overcome the procedural default under *Maples*, would benefit from further briefing.

## Motion for Appointment of Counsel

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Fla.*, 549 U.S. 327, 336–37 (2007)). However, an indigent petitioner may request appointed counsel to pursue relief and whenever a Court determines the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under 28 U.S.C. § 2254. *See* 18 U.S.C. § 3006A(a)(2)(B). The interests of justice may require the appointment of counsel if the complexities of the case are such that denial of counsel would amount to a denial of due process, e.g., where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court finds the appointment of counsel in this case is in the interests of justice. A review of Ojeda's IFP Application supports the conclusion that he cannot afford to hire private counsel. Ojeda is serving a sentence of life without the possibility of parole. Review of the documents Ojeda filed to commence this action indicate he may suffer borderline intellectual-functioning, and difficulty comprehending the English language, and the petition raises relatively complex issues, including whether the petition should be dismissed as untimely, whether Ojeda is entitled to equitable tolling, and whether Ojeda can overcome the procedural default of his claims. As such, it is unclear whether Ojeda will be able to adequately articulate his claims in proper person with the resources available to him. Therefore, Ojeda's Motion for Appointment of Counsel is granted.

**IT IS THEREFORE ORDERED** that:

1. Petitioner Francisco Merino Ojeda's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is granted.

2. The Clerk of Court is directed to file the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1-1).

3. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Ojeda or to indicate the office's inability to represent Ojeda in these proceedings. If the Federal Public Defender is unable to represent Ojeda, the Court will appoint alternate counsel. Appointed counsel will represent Ojeda in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 90 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period

established. Ojeda at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the Attorney General only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

6. The Clerk of Court is further directed to send a copy of this order to Ojeda, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED THIS 17th day of January 2025.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE